## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| JAMES E. JOHNSON, BRUCE MOORE and CHRISTOPHER RAY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 04-0963-CV-W-2-FJG ) |
| UNITED STATES BEEF CORPORATION, | ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is defendant's Motion for Summary Judgment (Doc. # 82), defendant's Motion to Strike Plaintiff's Expert Report and Exclude Testimony of Plaintiff's Expert (Doc. # 101), plaintiff's Motion for Leave to File Notarized Copy of Jessica Keillor's affidavit (Doc. # 144) and plaintiff's Motion for a Hearing on defendant's Motion for Summary Judgment (Doc. # 164).

### I. BACKGROUND

This case is brought by three African Americans who sought employment with United States Beef Corporation at an Arby's restaurant in Lee's Summit, Missouri. Plaintiffs bring this action under Title VII, 42 U.S.C. §§ 1981 and 1981(A). Plaintiffs initially sought to bring this action as a class action, however, the Court on March 14, 2006 denied that motion. Plaintiffs allege that defendant discriminated and continues to discriminate against black applicants and employees by not interviewing or hiring qualified black applicants.

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

### A. Plaintiffs' Motion to Supplement Suggestions by Adding Affidavit

Plaintiffs move the Court for leave to supplement their Suggestions in Support by adding the signed and notarized affidavit of Jessica Keillor. The affidavit which was originally submitted in conjunction with plaintiffs' Suggestions in Opposition to the Motion for Summary Judgment was not signed or notarized.

Defendant argues that plaintiffs did not provide the signed affidavit until August

31, 2006, well after the May 26, 2006 deadline for discovery. Defendant argues that plaintiffs did not previously provide any drafts of affidavits or statements of Ms. Keillor in response to discovery requests. Defendants state that if plaintiffs are permitted to supplement their suggestions, they should be allowed to supplement their summary judgment reply suggestions and take Ms. Keillor's deposition.

Plaintiffs respond that Ms. Keillor was disclosed in plaintiffs' original and supplemental Rule 26 disclosures. Plaintiffs' counsel also states that defendant received notes during discovery of a conversation that plaintiff Johnson had with Ms. Keillor. Plaintiffs' counsel also states that these notes and Keillor's name were included in the original EEOC file which was provided to defendant more than 2 ½ years ago. Plaintiffs' counsel also notes that the EEOC contacted and interviewed Ms. Keillor during their investigation and memorialized the conversation in the EEOC file which was provided to the defendant. Plaintiffs' counsel states that the defendant has been aware of Ms. Keillor, but made not effort to contact or depose her.

The Court finds no prejudice in allowing the signed and notarized affidavit of Ms. Keillor to be substituted for the unsigned affidavit which was originally supplied. Ms. Keillor states in her affidavit that she spoke with plaintiffs' counsel in late June regarding the content of the Affidavit, but that on July 1, 2006 she moved to Michigan. The Court finds no prejudice in allowing the substitution of the signed and notarized Affidavit. Defendant requests permission to depose Ms. Keillor if the Court allows the supplementation of her affidavit. As defendant did not previously have an opportunity to question Ms. Keillor about the statements in her affidavit, defendant will be allowed to depose Ms. Keillor. Therefore, the Court hereby **GRANTS** plaintiffs' Motion to Supplement Their Suggestions in Opposition to Defendant's Motion for Summary

3

Judgment by Adding Ms. Keillor's Affidavit (Doc. # 144).

**B. Defendant's Motion to Strike Plaintiffs' Expert Report and Exclude Testimony of Plaintiffs' Expert Witness**

Defendant moves the Court to Strike plaintiffs' expert report and exclude the testimony of plaintiffs' expert witness, Kurt Krueger. Defendant argues that the expert report and testimony of Dr. Krueger should be excluded on the grounds that his methodology fails the reliability requirements of F.R.E. 702. Plaintiffs respond that the defendant's arguments attacking the admissibility of Dr. Krueger's report are merely factual assertions which go to the weight that should be afforded to his testimony. Plaintiffs argue that the defendant is simply trying to manipulate the numbers and convince the Court that their technique of reaching a conclusion is better. Plaintiffs argue that this is clearly a question of probative value which is reserved for the fact finder.

Defendant in their Motion to Strike note that the parties have not conducted depositions of either Dr. Krueger or Dr. Baker (defendant's expert witness). The Court finds that it would be helpful to have the depositions of these witnesses before ruling on the Motion to Strike. Therefore, the Court hereby removes this case from the Fall 2006 Accelerated Docket. The parties shall submit to the Court on or before **October 15, 2006**, a joint schedule for the depositions of these witnesses and the filing of Motions to Strike. Therefore, the Court hereby **PROVISIONALLY DENIES** defendant's Motion to Strike Plaintiffs' Expert Witness (Doc. # 101). After reviewing the depositions and the Motion to Strike the Court will determine whether a hearing on defendant's Motion is necessary.

4

### C. Defendant's Motion for Summary Judgment

Plaintiffs allege that they were denied jobs based on their race and that defendant's hiring practices have had a disparate effect on them. Plaintiffs also allege that defendant engages in a pattern and practice of discriminatory hiring. Finally, plaintiffs allege that defendant's hiring practices have had a disparate impact on a protected class. After reviewing the parties briefs and applicable case law, the Court finds that there are disputed issues of fact regarding the disparate treatment and disparate impact claims. Therefore, the Court hereby **DENIES** the defendant's Motion for Summary Judgment on those claims. However, as defendant correctly notes, plaintiffs cannot bring a pattern and practice discrimination claim in this case, as those types of claims may only be brought by the EEOC or by a class of private plaintiffs under 42 U.S.C. § 2000e. See, EEOC v. Joe's Stone Crab, Inc., 220 F.3d 1263, 1286 (11th Cir. 2000). Therefore, the Court hereby **GRANTS** defendant's Motion for Summary Judgment on plaintiffs' pattern and practice claims.

## IV. CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** plaintiffs' Motion to Supplement their Suggestions in Opposition by Adding the Signed an Notarized Affidavit of Jessica Keillor (Doc. # 144); the Court **PROVISIONALLY DENIES** Defendant's Motion to Strike Plaintiffs' Expert Report and Exclude Testimony (Doc. # 101). The parties shall provide to the Court on or before **October 15, 2006**, a joint schedule for the taking of the depositions of the parties' expert witnesses and the briefing of the Motion to Strike. The Court also **GRANTS in PART and DENIES in PART** Defendant's Motion for Summary Judgment (Doc. # 82). The Court **DENIES** plaintiffs' Motion for a Hearing on the Motion for Summary Judgment (Doc. # 164). This case is removed from the Fall

2006 Accelerated Docket and will be reset for trial at a later date.


Date: September 29, 2006            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                               United States District Judge