# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

JAMES E. JOHNSON, BRUCE MOORE and )
CHRISTOPHER RAY, )
                      Plaintiffs, )
vs. ) No. 04-0963-CV-W-2-FJG
UNITED STATES BEEF CORPORATION, )
                      Defendant. )

## ORDER

**Plaintiffs' Motions in Limine**

1. Any evidence of or reference to who prepared any documents that were submitted to the EEOC.

    Defendant states that it is unclear exactly what information plaintiff is seeking to exclude, but they believe that plaintiffs are attempting to exclude evidence submitted by defendant to the EEOC as an admission against interest. However, defendant states that this is not an admission against interest as the materials that were submitted to the EEOC were prepared by its attorney.

    **Ruling:** This motion is **PROVISIONALLY DENIED**. Plaintiffs would have to show a relevant need for this information.

2. Any evidence of or reference to who prepared plaintiffs' pleadings in this case.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

3. Any offer by defense counsel of evidence of or reference to the fact that said counsel is related to a person of mixed blood or who belongs to a minority.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

4. Any evidence of or reference that any of the plaintiffs were urged or otherwise counseled by friends or family to pursue a discrimination claim or any claim against defendants.

   Defendant states that Moore and Ray drove to the Arby's store together and left applications at the same time. At the time, Johnson was working for Moore's father. Johnson and Moore had conversations regarding the fact that Moore and Ray had left applications at the store, but had not been called. Johnson then went to the store and filled out an application. Moore and Ray testified at their depositions that they filed because they were told to file. Defendant states that this collusion is clearly relevant and is not unfairly prejudicial as it goes to plaintiffs' intent and subjective beliefs about whether or not they were subjected to discrimination and their reasons for filing their lawsuit.

   **Ruling:** This motion is **GRANTED**. It is not relevant to the case.

5. Any evidence of or reference to allegations that plaintiff's counsel failed to take proper or timely actions or was inadequate or dilatory in her representation of plaintiffs.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

6. Any evidence or reference to any school transcripts concerning plaintiff Johnson.

   Defendant states that plaintiffs want to hide the fact that Johnson's employment history that he listed on his application did not match up with and was different from his school transcripts. Defendant states that this information is relevant under the law of after-acquired evidence and that Johnson's damages should be cut off because defendant would have terminated his employment when it determined that he lied on his application regarding his education.

   **Ruling:** This motion is **GRANTED**. It is not relevant to the case.

7. Any evidence or reference to the possibility or fact that plaintiffs did not desire to act as class representatives in any possible class certification.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

8. Any evidence or reference to any statements or conduct of James Johnson in regard to his desire to play golf or being late to his deposition.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

   Accordingly, Plaintiffs' Motions in Limine are hereby **GRANTED in part** and

**DENIED in part** (Doc. # 158).

**Defendants' Motions in Limine**

1. Any exhibit not previously identified or provided to defendant during discovery - defendant states that plaintiffs have listed 93 exhibits on this list which were not provided to them during discovery.

   Plaintiffs state that all of their exhibits were either produced to defendant or obtained from defendant. Plaintiffs group their exhibits into six categories for ease of reference. Plaintiffs also indicated that they are withdrawing category six - impeachment exhibits.

   Defendant states that regardless of plaintiffs' assertions to the contrary, they do not have many of the exhibits plaintiff has listed.

   **Ruling:** This motion is **PROVISIONALLY GRANTED**. Plaintiffs must prove that defendant has the exhibits.

2. Any testimony or exhibit based on class claims.

   Plaintiff did not respond to this motion.

   **Ruling:** As the Court denied plaintiffs' Motion for Class Certification, this Motion is **GRANTED**.

3. Any testimony or exhibits regarding any locations other than the Lee's Summit Store, including the racial make-up of any other individual stores, USBC headquarters staff or Mike O'Dell's current store.

   Plaintiffs argue that this information is probative of defendant's notice and knowledge of discrimination. They also argue that evidence of what occurs at other stores and at management level is probative of a company's policies. Plaintiffs argue that Mr. O'Dell had a policy of using white employees to refer new white job applicants to him and that this continued when he moved to St. Joseph. They also argue that this policy was known by management and allowed to continue.

   Defendant states that because the Court denied plaintiff's motion to certify this case

3

as a class action, and additionally because the Court dismissed plaintiffs pattern and practice claim, this information has no relevance to plaintiff's individual claims of discrimination at the Lee's Summit store.

**Ruling:** This motion is **PROVISIONALLY GRANTED.** The evidence may be relevant, however plaintiffs would have to demonstrate the relevance of this evidence to the Court before it will be admitted.

4. Any testimony or exhibits regarding any fast food store in St. Joseph, Missouri.

Defendant states that it anticipates that plaintiffs will attempt to introduce evidence regarding fast food stores in St. Joseph including Taco Bell, McDonalds's, Wendy's, Subway and Arby's stores not owned by USBC. Defendant argues that such evidence is not relevant to plaintiff's claims of race discrimination by USBC at the Lee's Summit store. Defendants request that the Court strike exhibit numbers 163 - 175.

Plaintiffs admit that this information may not be directly relevant in their case in chief, but argue that they have evidence regarding African American employment in stores close to the Arby's store in St. Joseph which Mr. O'Dell manages and at which he refuses to employ African Americans.

**Ruling:** This motion is **GRANTED**.

5. Any testimony or exhibits regarding other lawsuits or claims against defendant, including the claims brought by Eppie O'Neal and Quicinna Mitchell.

Plaintiffs argue that this type of evidence is relevant because they are asserting a pattern and practice type of claim. They also argue that their evidence relates to the same store, same manager, same circumstances surrounding applications, same hiring policy and same defendant.

Defendant states that because the Court has dismissed plaintiff's pattern and practice claim, evidence of other lawsuits or claims against defendant are irrelevant. Defendant also requests that the Court strike Eppie O'Neal and Quicinna Mitchell from plaintiff's witness list and strike all exhibits relating to these witnesses

**Ruling:** This motion is **PROVISIONALLY GRANTED**, subject to plaintiff's showing of similar circumstances and relevancy.

6. Any testimony or exhibits related to findings by the EEOC and the MCHR, including testimony by anyone at the EEOC and position statements submitted on behalf of either party.

Plaintiffs argue that administrative findings regarding racial discrimination are admissible under Fed.R.Evid. 803(8)(c).

Defendant states that the Eighth Circuit leaves the determination of whether to submit the EEOC determination to the sound discretion of the Court. Additionally, defendant states that the admission of the EEOC determination and file would not set forth any new evidence that will not already be presented to the jury and will serve no purpose other than to lengthen and complicate the trial.

**Ruling:** This motion is **GRANTED IN PART**. Plaintiffs will be allowed to introduce only a notice the right to sue was issued by the EEOC.

7. Any testimony or exhibits by or related to Jessica Keillor

The Court addressed this issue in the September 29, 2006 Order and the parties have arranged to depose this witness on December 5, 2006. Defendant does wish to reargue its motion in limine upon the completion of her deposition.

**Ruling:** This motion is **PROVISIONALLY DENIED**. Defendant may refile its Motion in Limine after the deposition of Ms. Keillor is completed if necessary.

8. Any testimony or exhibits regarding any alleged requirements of defendant to maintain racial data from its applicants and employees.

Plaintiffs state that during discovery is was revealed that defendant's manager did nothing to ascertain whether discrimination existed at any of its stores and that it purposefully neglected to review or even seek data associated with racial hiring compositions and the racial makeup of its stores. Plaintiffs argue that this shows that the defendant had a practice of turning its head away from discriminatory hiring practices by not looking at the data or seeking information regarding racial makeup.

Defendant states that this information is not relevant as the Court has now dismissed plaintiffs' pattern and practice claim.

**Ruling:** This motion is **GRANTED**. If defendant has no legal obligation to maintain this data, it is irrelevant.

9. Offering or referring to Johnson's handwritten note made after his purported telephone conversation with Mike O'Dell.

Defendant states that the notes from this conversation were made well after the conversation occurred. Plaintiff Johnson stated in his deposition that he had a telephone conversation with O'Dell which he attempted to record, but the recorder failed. Months after the telephone conversation, Johnson wrote down his version of the conversation. According to Johnson he wrote down the information in order to pass it on to his attorney, two or three months after the conversation occurred.

5

Plaintiff states that the lapse of time between the notes and the conversation goes to the weight to be afforded the evidence, not its admissibility. Plaintiffs also argue that the notes should be allowed into evidence under the hearsay exception for recorded recollection.

Defendant states that the recorded recollection exception applies only to memorandums or records that were made or adopted by the witness when the matter was fresh in the witness' memory. Further the exception states that it may be read into evidence, but may not itself be received as an exhibit unless offered by the adverse party.

**Ruling:** This motion is **DENIED**. The plaintiffs may use this note only for the limited purpose of refreshing Johnson's memory.

10. Any deposition testimony of Terry Gunderson, Cassandra Jones and Kristi Pover that discussed any exhibit used during their depositions.

Defendant states that during the depositions of these witnesses, plaintiffs' counsel did not have a sufficient number of copies of the documents that she used as exhibits. At the end of the deposition, she took the exhibits with her and did not leave a set of marked exhibits for the court reporter. Thus, defendant states there is not an original set of exhibits for any of the above referenced depositions.

Plaintiff states that since the witnesses will be given the opportunity to identify at trial the exhibits used at their depositions, defendant will have sufficient opportunity to challenge their admissibility.

**Ruling:** This motion is **PROVISIONALLY GRANTED**. Plaintiffs must clear up this matter before trial.

11. Any testimony or exhibits referring to defendant's wealth, net worth or size.

Plaintiffs argue that this evidence is admissible when punitive damages are sought.

Defendant states that evidence of defendant's net worth or financial condition is not admissible unless it is considered in conjunction with punitive damages.

**Ruling:** This motion is **PROVISIONALLY GRANTED**. The plaintiffs will need to make their case regarding punitive damages to the satisfaction of the Court before they will be allowed to present this evidence to the jury.

12. Any testimony or exhibits offered by plaintiff's expert Kurt Krueger.

The Court will defer ruling on this issue as it is the subject of a separate motion and briefing by the parties.

Accordingly, defendant's Motion in Limine is hereby **GRANTED IN PART** and

6

Case 4:04-cv-00963-FJG   Document 189   Filed 12/21/06   Page 6 of 7

**DENIED IN PART** (Doc. # 160).


Date:  December 21, 2006                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                        Fernando J. Gaitan, Jr.
                                             United States District Judge